UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUAN DIEGO GRAJALES-BUENO,
    Plaintiff,

                                              Case No. 5:26-CV-5312

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;

TODD BLANCHE, Acting Attorney
General of the United States;

JOSEPH EDLOW, Director,
U.S. Citizenship and Immigration Services;

MICHAEL CATALANO, Field Office
Director, USCIS Philadelphia Field Office; and

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
    Defendants.
_____/

**COMPLAINT FOR WRIT OF MANDAMUS AND RELIEF UNDER THE
ADMINISTRATIVE PROCEDURE ACT**

Plaintiff, complaining of the Defendants, alleges and says:

**PARTIES**

1.      Plaintiff Juan Diego Grajales-Bueno is a native and citizen of Colombia and is currently detained by U.S. Immigration and Customs Enforcement at the Moshannon Valley ICE Processing Center, 555 Geo Drive, Philipsburg, Pennsylvania 16866. Plaintiff resides at 1 Maryland Circle, Apt. 239, Fullerton, Pennsylvania 18052-6317, within this judicial district.

1

2.      Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity. Secretary Mullin oversees U.S. Citizenship and Immigration Services and is responsible for the administration and enforcement of the immigration laws of the United States.

3.      Defendant Todd Blanche is the Acting Attorney General of the United States and is sued in his official capacity.

4.      Defendant Joseph Edlow is the Director of U.S. Citizenship and Immigration Services and is responsible for the adjudication of applications for immigration benefits, including applications for adjustment of status. He is sued in his official capacity.

5.      Defendant Michael Catalano is the Field Office Director of the U.S. Citizenship and Immigration Services Philadelphia Field Office, the USCIS office with jurisdiction over Plaintiff's pending application, and is sued in his official capacity.

6.      Defendant U.S. Citizenship and Immigration Services (USCIS) is a component of the U.S. Department of Homeland Security responsible for adjudicating applications for adjustment of status filed under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction on the federal district courts over civil actions arising under the laws of the United States.

8.      This Court has jurisdiction to grant mandamus relief pursuant to 28 U.S.C. § 1361, which provides that the district courts shall have original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

9.     This Court has jurisdiction to review agency action pursuant to 5 U.S.C. §§ 702 and 704, which authorize judicial review of final agency action and of agency action unlawfully withheld or unreasonably delayed.

10.     This Court has authority to grant declaratory and injunctive relief pursuant to 5 U.S.C. § 706 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

11.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District at 1 Maryland Circle, Apt. 239, Fullerton, Pennsylvania 18052-6317, in Lehigh County, and no real property is involved in this action.

## FACTUAL ALLEGATIONS

12.     Plaintiff is a native and citizen of Colombia who was paroled into the United States on November 19, 2013, and is an arriving alien within the meaning of 8 U.S.C. § 1255.

13.     Plaintiff has been married to Exmerly Cubillos, a United States citizen, since 2011. Their marriage is bona fide.

14.     Plaintiff's United States citizen spouse filed a Form I-130, Petition for Alien Relative, on Plaintiff's behalf, which USCIS approved. True and correct copies of the I-130 receipt notice and the I-130 approval notice are attached hereto as Exhibit A and Exhibit B, respectively.

15.     On the basis of the approved I-130, Plaintiff filed Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS on March 6, 2015. The application was assigned Receipt Number MSC1590752612. A true and correct copy of the I-485 receipt notice is attached hereto as Exhibit C.

16.    Plaintiff was subsequently placed in removal proceedings before an Immigration Judge.

17.    Because Plaintiff is an arriving alien, the Immigration Judge lacked jurisdiction to adjudicate Plaintiff's application for adjustment of status.

18.    On June 29, 2022, the Immigration Judge at the New York Immigration Court administratively closed Plaintiff's removal proceedings.

19.    Upon the administrative closure of the removal proceedings, jurisdiction to adjudicate Plaintiff's I-485 application returned to USCIS.

20.    As of the date of this Complaint, Plaintiff's I-485 application has been pending with USCIS for more than eleven years.

21.    Congress has expressed its sense, in 8 U.S.C. § 1571(b), that the processing of an immigration benefit application should be completed not later than 180 days after the application is initially filed. Plaintiff's application has remained unadjudicated for more than eleven years — over twenty times that period.

22.    Although the decision whether to grant or deny adjustment of status rests in the agency's discretion, USCIS does not possess unfettered discretion to withhold adjudication indefinitely or to relegate Plaintiff to a state of limbo. Delays of the magnitude present here — well in excess of five to seven years — are generally recognized as unreasonable, and the delay is further aggravated by Plaintiff's ongoing detention.

23.    Since Plaintiff filed his application on March 6, 2015, USCIS has not issued a Request for Evidence, a Notice of Intent to Deny, or any decision on the application.

24.    USCIS has not issued any decision on Plaintiff's I-485 application.

25.    Since October 2018, Plaintiff has continuously resided at 1 Maryland Circle, Apt. 239, Fullerton, Pennsylvania 18052-6317, and reported a change of address in 2018.

4

26.     Plaintiff has repeatedly sought a status update from USCIS regarding his application. As early as 2016, Plaintiff inquired with USCIS about the status of his application. A true and correct copy of that inquiry is attached hereto as Exhibit D. In 2023, Plaintiff submitted a further written inquiry to USCIS by email, and in 2025 he contacted USCIS on approximately three additional occasions. With the assistance of a paralegal, she also mailed a certified letter to USCIS requesting a status update. USCIS did not respond to these inquiries.

27.     USCIS has not provided Plaintiff with a substantive response explaining the delay or providing a timeframe for adjudication.

28.     The USCIS case status for Receipt Number MSC1590752612 reflects no adjudicative action on the application.

29.     On July 9, 2026, U.S. Immigration and Customs Enforcement took Plaintiff into custody.

30.     Plaintiff is currently detained at the Moshannon Valley ICE Processing Center, 555 Geo Drive, Philipsburg, Pennsylvania 16866.

31.     Adjudication and approval of Plaintiff's pending I-485 application would confer lawful permanent residence and would directly resolve the basis for Plaintiff's continued detention and removal proceedings.

32.     USCIS's failure to adjudicate the application has caused and continues to cause Plaintiff substantial prejudice, including his ongoing detention and separation from his United States citizen spouse.

33.     Plaintiff has no adequate administrative remedy available to compel USCIS to adjudicate his application.

5

34.    USCIS has a non-discretionary duty to adjudicate a properly filed application for adjustment of status within a reasonable time, and more than eleven years is an unreasonable period within which to fail to adjudicate Plaintiff's application.

## COUNT I — MANDAMUS RELIEF UNDER 28 U.S.C. § 1361

35.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 34 above.

36.    Plaintiff has a clear and indisputable right to the adjudication of his properly filed I-485 application.

37.    USCIS has a clear, non-discretionary duty to adjudicate Plaintiff's I-485 application within a reasonable time.

38.    The duty to adjudicate an application for adjustment of status is mandatory and ministerial, and is distinct from the discretionary decision whether to grant or deny the application.

39.    Plaintiff has no other adequate remedy available to compel USCIS to perform its duty to adjudicate his application. To the extent an adequate remedy exists under the Administrative Procedure Act, Plaintiff pleads this Count in the alternative to Count II.

40.    USCIS's failure to adjudicate Plaintiff's I-485 application for more than eleven years constitutes an unlawful withholding of agency action.

41.    Plaintiff is entitled to a writ of mandamus compelling Defendants to adjudicate his I-485 application.

## COUNT II — VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(1)

42. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 41 above.

43. Under 5 U.S.C. § 706(1), a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.

44. USCIS has unlawfully withheld and unreasonably delayed adjudication of Plaintiff's I-485 application.

45. Plaintiff filed his I-485 application on March 6, 2015, and has received no decision or substantive action from USCIS in more than eleven years.

46. The more-than-eleven-year delay in adjudicating Plaintiff's application is unreasonable as a matter of law.

47. USCIS's delay has caused and continues to cause Plaintiff substantial prejudice, including his ongoing detention, uncertainty regarding his immigration status, and prolonged separation from his United States citizen spouse.

48. In evaluating whether agency delay is unreasonable, courts consider a set of factors that include the extent of the delay and whether the agency's timetable is governed by any rule of reason; whether Congress has provided a timetable or other indication of the speed with which it expects the agency to act; the nature and extent of the interests prejudiced by the delay, including any interests of human health and welfare; and the effect of expediting action on agency activities of a competing or higher priority. A court need not find that the agency acted in bad faith to conclude that its delay is unreasonable. Each of these considerations weighs heavily in Plaintiff's favor: the delay exceeds eleven years against a congressional processing goal of 180 days; Plaintiff's health and welfare interests are directly implicated by his continued detention and

separation from his United States citizen spouse; and no competing agency priority justifies the failure to act.

49. There is no legitimate justification for USCIS's failure to adjudicate Plaintiff's application for more than eleven years.

50. Plaintiff is entitled to an order compelling Defendants to adjudicate his I-485 application within a specified reasonable time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the following relief:

1. Issue a writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to adjudicate Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC1590752612, within thirty (30) days of the date of this Court's order, or within such other reasonable time as the Court deems appropriate;

2. Pursuant to 5 U.S.C. § 706(1), compel Defendants to complete adjudication of Plaintiff's I-485 application within thirty (30) days of the date of this Court's order, or within such other reasonable time as the Court deems appropriate;

3. Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's I-485 application in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1);

4. Retain jurisdiction over this matter to ensure Defendants' compliance with the Court's orders;

5. Award Plaintiff his costs and reasonable attorney's fees incurred in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6.      Grant such other and further relief as the Court deems just and proper.


Dated: July 28, 2026


Respectfully submitted,


**_/s/ Rebecca Swaintek-Green_**
Rebecca Swaintek-Green. Esq.
Swaintek-Green Law, LLC
841 E Fort Ave #242
Baltimore, MD 21230
Phone: 443-402-8080 becca@swaintek-green.com
Pennsylvania Bar ID: 329749
**_Local Counsel for Plaintiff_**


**_/s/ Michelle Perez_**
Michelle Perez, Esq.
Saavedra & Perez Law
4101 Chain Bridge Rd, Ste 206
Fairfax, VA 22030
Ph: 571-583-0791
Email: michelle.perez@saavedraperezlaw.com
Florida Bar No. 119325
**_Attorney for Plaintiff_**

9

**VERIFICATION**

I represent Plaintiff Juan Diego Grejales-Bueno and submit this verification on his behalf. I hereby verify that the factual statements in the foregoing Complaint for Writ of Mandamus and Relief Under the Administrative Procedure Act are true and correct to the best of my knowledge.

*/s/ Michelle Perez*
Michelle Perez, Esq.
Saavedra & Perez Law
4101 Chain Bridge Rd, Ste 206
Fairfax, VA 22030
Ph: 571-583-0791
Email: michelle.perez@saavedraperezlaw.com
Florida Bar No. 119325
Attorney for Plaintiff